Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

James R. Mugridge, CA SBN 292803
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2500 Tulare Street, Suite 2601
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TUCOEMAS FEDERAL CREDIT UNION, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br> • **CIVIL RIGHTS** <br> • **EMPLOYMENT DISCRIMINATION** <br><br> (42 U.S.C. §§ 2000e, et seq. and 29 U.S.C. §§ 621, et seq.) <br><br> **JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"), and the Age Discrimination in Employment Act of 1967, as amended, ("ADEA") to correct unlawful employment practices on the basis of sex and age and to provide appropriate relief to Cindy Summers, Sherry Belcher, Cynthia Seymour (referred to Collective herein as "Charging Parties") who were adversely affected by such practices. The Commission also seeks to recover for Ms. Belcher and Ms. Seymour who were retaliated against for having filed charges of discrimination with the EEOC. As set forth in paragraphs 12-34 of this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission asserts that Defendant Tucoemas Federal Credit Union (collectively referred to herein as "Defendant" or "Tucoemas"), subjected Charging Parties to disparate treatment in violation of Title VII and the ADEA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); 42 U.S.C. § 2000e-6, and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a); and Section 7(b) of the ADEA, as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Easter District of California.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff," "EEOC," or the "Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA. The Commission is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. At all relevant times, Tucoemas Federal Credit Union has continuously been a California corporation doing business in Tulare County, State of California, and has continuously had at least twenty (20) employees.

6. At all relevant times, Defendant Tucoemas Federal Credit Union has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e-1 (b), (g), and (h); and Sections 11(b), (g), and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## **CONDITIONS PRECEDENT**

7. More than thirty days prior to the institution of this lawsuit, Charging Parties each filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant.

8. On July 3, 2018, the Commission issued to Defendant three Letters of Determination finding reasonable cause to believe that Title VII and the ADEA were violated with respect to the Charging Parties and one other aggrieved individual. The Commission also made the finding that Cynthia Seymour and Sherry Belcher were subject to retaliation for opposing discrimination. For Ms. Belcher, the retaliation came in the form of different terms and conditions of employment and constructive discharge. For Ms. Seymour, the retaliation came in the form of different terms and conditions of employment and discharge. The

Commission further invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On August September 5, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

## STATEMENT OF CLAIMS

12. Since at least 2015, Defendants have engaged in unlawful employment practices in violation of § 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and §4 of the ADEA, 29 U.S.C. § 623(a)(1) and (d). As set out in more detail below, the unlawful employment practices include but are not limited to:

   a. Refusing to promote Charging Parties and the class member to the position of CEO because of their sex, female;
   b. Refusing to promote Charging Parties and the class member to the position of CEO because of their ages, over 40; and
   c. Retaliating against Charging Parties Belcher and Seymour for engaging in protected activities.

**First Claim: Failure to Promote**

13. In August of 2015, Defendant's then-Chief Executive Officer Linda Reese announced her retirement and Defendant, through its Board of Directors, began the process of hiring a replacement for. Ms. Reese;

1  14. The Charging Parties were all employed by Defendant, were all encouraged by Ms. Reese to apply for the CEO position, and all applied for the position;

15. On the date that the Charging Parties were interviewed for the CEO position Ms. Belcher was 50 years of age, Ms. Seymour was 60 years of age, Ms. Summers was 55 years of age;

16. The Charging Parties are all female;

17. On the date that the Charging Parties applied for the CEO position, each met the listed minimum qualifications;

18. After one round of interviews, a younger male applicant was selected for the CEO position;

19. At the time of the younger male applicant's selection as CEO, he did not meet the minimum qualifications listed in Defendant's own job posting;

20. No reason other than sex and/or age discrimination explains the selection of the younger male applicant as CEO over the Charging Parties;

///

## Second Claim: Retaliation (Ms. Belcher and Ms. Seymour)

### Ms. Belcher

21. Sherry Belcher filed a charge of discrimination with the Commission on or about May 9, 2016;

22. On May 6, 2016, the selected CEO asked Sherry Belcher if she was "gunning for him." He explained that he could not work with people he could not trust;

23. Ms. Belcher responded that she was not gunning for him but that she had filed an EEOC charge of discrimination. He selected CEO acknowledged that he knew of the charge of discrimination;

-5-

24.     Ms. Belcher reported the misconduct to Defendant's Human Resources department but when no investigation was conducted for roughly a month, Ms. Belcher allowed the matter to be closed;

25.     Ms. Belcher was summoned by the Supervisory Committee Chairman to a May 10, 2016 meeting. At the meeting, a Supervisory Committee Member asked Ms. Belcher why she had filed a charge of discrimination against the credit union. She went on to tell Ms. Belcher that Ms. Belcher could lose her job for filing a charge with the Commission;

26.     In response to the foregoing incidents, all motivated by retaliatory animus, Ms. Belcher submitted her letter of resignation, making clear that she was "concerned on a daily basis about the likelihood of losing [her] job."

Ms. Seymour

27.     Cynthia Seymour filed a charge of discrimination with the Commission on or about May 18, 2016;

28.     After filing her EEOC charge of discrimination, the selected CEO set loan growth goals for Ms. Seymour that were unattainable;

29.     Ms. Seymour complained that the goal was unreasonable. The selected CEO rebuffed Ms. Seymour's complaints;

30.     At the end of the 2016 calendar year, the selected CEO conducted a performance review of Ms. Seymour that suggests that she lacks the ability to collaborate with others and mentor those under her supervision. Her prior evaluations made no such criticisms;

31.     On February 24, 2017, Ms. Seymour was informed that a severance package was being prepared for her, in part, because she failed to unequivocally commit to the selected CEO's leadership. Ms. Seymour was directed not to return to work despite her willingness to remain an employee of Tucoemas;

32.     Ms. Seymour and Ms. Belcher were both targeted in response to their filing of charges of discrimination with the Commission. Both were given unfair

and inaccurate performance evaluations, designed to make it appear that they were underperforming; and both were repeatedly threatened with termination. Ms. Seymour was then terminated, and Ms. Belcher was constructively discharged;

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging any employment practice which discriminates on the basis of sex or age;

B.  Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in further unlawful employment practices in violation of §§ 703(a)(1) and 704 of Title VII or § 4(a)(1) and (d) of the ADEA;

C.  Order Defendants to make Charging Parties and the class of at least one aggrieved individual whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

E.  Order Defendants to make Charging Party and a class of aggrieved individuals whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

F.  Order each Defendant to pay Charging Party and a class of aggrieved individuals punitive damages for its intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

G.  Award the Commission its costs of this action; and

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 17, 2019                    Respectfully Submitted,

JAMES L. LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, NE.
Washington, D.C. 20507

By: _____

ANNA Y. PARK
Regional Attorney

SUE J. NOH
Supervisory Trial Attorney

JAMES MUGRIDGE,
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION