Anna Y. Park, CA SBN 164242
Sue J. Noh, CA SBN 192134
Rumduol Vuong, CA SBN 264392
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

James R. Mugridge, CA SBN 292803
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
2500 Tulare Street, Suite 2601
Fresno, CA 93721
Telephone: (559) 487-5135
Facsimile: (559) 487-5053

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**FILED**

DEC 12 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TUCOEMAS FEDERAL CREDIT UNION,<br><br>Defendant. | Case No. 1:19-cv-00986-AWI-SKO<br><br>**CONSENT DECREE;**<br>**~~PROPOSED~~ ORDER** |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Plaintiff") and Defendant Tucoemas Federal Credit Union, ("Tucoemas" or "Defendant") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against

1

Defendant in <u>U.S. Equal Employment Opportunity Commission v. Tucoemas Federal Credit Union</u>; Case No. 1:19-cv-00986-AWI-SKO (the "Action"). On July 17, 2019, Plaintiff filed this Action in the United States District Court, Eastern District of California, for violations of Title VII, *as amended*, 42 U.S.C. § 2000e *et. seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et, seq*. The Action alleges that Defendant discriminated against Charging Parties Cindy Summers, Sherry Belcher, and Cynthia Seymour (collectively the "Claimants") on the basis of gender and age, and retaliated against Charging Parties Sherry Belcher and Cynthia Seymour for having filed a charge of discrimination.

## II.

## **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as its officers, directors, agents, successors and assigns. Collectively, the EEOC and Defendant are referred to herein as the "Parties."

B. The Parties have entered into this Decree for the following purposes: To achieve a final resolution of the above entitled contested matter and avoid the expense of protracted litigation and the uncertainty of outcomes associated with any contested litigation.

C. The scope of this Decree includes the following:

    1. Monetary and injunctive relief; and

    2. To reaffirm the Defendant's commitment to (i) effecting employment practices in compliance with federal law; (ii) ensuring a work environment free from discrimination and retaliation; (iii) ensuring training for Defendant's employees with respect to the pertinent laws regarding sex discrimination, age discrimination, and retaliation; and (iv) ensuring appropriate recording keeping, reporting, and monitoring as set forth more particularly below.

C. This Decree will be implemented by Defendant on a company-wide basis.

D. The Court shall retain jurisdiction over this matter for the duration of this Consent Decree.

## III.

## RELEASE OF CLAIMS

A. This Decree fully and completely resolves all issues, claims and allegations that were or could have been raised by the EEOC against Defendant in this Action.

B. Nothing in this Decree shall be construed to limit or reduce Defendant's obligation to comply fully with Title VII, the ADEA, or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendant in accordance with standard EEOC procedures with the exception of any other charges arising from or related to the selection process for the CEO position in 2017.

## IV.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. *See* 42 U.S.C. §§ 2000e-5(f)(1) and (3); 29 U.S.C. § 626(b). The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable and just. This Decree conforms with the Federal Rules of Civil Procedure, the ADEA, and Title VII and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date. If, after when the decree has been in effect for two years, Defendant has conducted all required training, has provided all documents required to be produced to the Monitor, has implemented an age and sex discrimination policy that complies with the law and the terms of this decree, and has had no meritorious claims of age or sex discrimination alleged against it during the term of the Decree, the Decree shall terminate. The EEOC shall determine whether a claim of discrimination is meritorious. If the Commission determines that a claim is meritorious and Defendant disputes that finding, the Monitor shall resolve the dispute. The Monitor's determination shall be final and not subject to review for purposes of determining the two or three year duration of this Consent Decree pursuant to this Paragraph only.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.      The Parties expressly agree that if the EEOC has reason to believe that Defendant has failed to comply with any provision of this Consent Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendant and/or its/their legal counsel of record, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) that the EEOC believes Defendant breached. Unless the EEOC determines that

the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure any non-monetary breach and shall have five (5) days to attempt to resolve or cure any monetary breach.

   B.   The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

   C.   After thirty (30) days have passed with respect to any non-monetary breach, or five (5) days have passed with respect to any monetary breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, the EEOC's costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the court deems appropriate.

## VIII.

## MONETARY RELIEF

   A.   Defendant will pay a total of $450,000.00 ("Gross Sum") to resolve this Action. The Commission has full and complete discretion under the terms of this Decree to allocate the Gross Sum between the Claimants. The EEOC has full and complete discretion under the terms of this Decree to determine the characterization of such payments as income, wages or otherwise, as hereinafter described in this Decree. The Commission will advise Defendant of the allocation within ten (10) days of the entry of the Consent Decree of the allocation of funds and the characterization of such payments. The EEOC will inform Defendants of the designation of compensation. For payment of claims characterized as wages, Defendant shall be responsible for its portion of the FITA and FUTA contributions and shall generate a W-2 tax form. For payments to the claimants characterized as non-wage compensation, no tax withholding shall be made. Defendants shall prepare and distribute a 1099 tax reporting form to each eligible claimant and shall make any appropriate reports to the Internal Revenue Service and other tax authorities. The 1099 forms will be issued as in the ordinary course of business. Defendant shall be solely responsible for any costs associated with the issuance and distribution of W-2 and 1099 tax reporting forms to the eligible claimants.

   B.   Within seven (7) days of the Commission's notice of allocation and characterization of funds to Defendant, Defendant shall issue settlement checks consistent with the notice.

C. Within three (3) business days of the issuance of the settlement checks, Defendant shall submit a copy of the check, tax reporting forms, and related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## IX.

## GENERAL INJUNCTIVE RELIEF

A. <u>Non-Discrimination</u>:

Defendant, including all managerial employees, and all those in active concert or participation with them, are hereby enjoined from discriminating against persons on the basis of sex or age in the terms and conditions of employment.

B. <u>Retaliation</u>:

Defendant, including all managerial employees, and all those in active concert or participation with them, or any of them, are hereby enjoined from implementing or permitting any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendant, because he or she has in the past, or during the term of this Decree:

1. Opposed any practice made unlawful under Title VII or the ADEA;
2. Filed a charge of discrimination alleging such practice;
3. Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of Title VII or the ADEA;
4. Was identified as a possible witness or claimant in this action;
5. Asserted any right under this Decree; and
6. Sought and/or received any relief in accordance with this Decree.

## X.

## SPECIFIC INJUNCTIVE RELIEF

A. <u>Equal Employment Opportunity Monitor</u>

Within thirty (30) days after the Effective Date, Defendant shall retain an outside Equal Employment Opportunity Monitor ("Monitor") with demonstrated experience in the area of age discrimination, sex discrimination and retaliation, to monitor Defendant's compliance with Title VII and

6

the ADEA and the provisions of this Decree. The Monitor shall be subject to the Commission's approval, which shall not be unreasonably withheld. Defendant shall propose a Monitor to the Commission. If the Commission does not approve the proposed Monitor, the Commission shall provide Defendant with a list of at least three suggested candidates acceptable to the Commission. Defendant shall bear all costs associated with the selection and retention of the Monitor and the performance of his/her/its duties. The Monitor's responsibilities shall include:

1. Ensuring that Defendant's anti-discrimination policy and reporting procedure effectively carry out its obligations under this Decree;

2. Ensuring that Defendant's anti-discrimination policy includes a clear explanation of what conduct constitutes retaliation and a prohibition of such conduct;

3. Ensuring that Defendant's procedures to handle complaints of sex discrimination, age discrimination, and retaliation comply with its obligations under Title VII, the ADEA, and this Decree;

4. Monitoring Defendant's investigation of all complaints of sex discrimination, age discrimination, and retaliation to ensure compliance with Title VII and the ADEA;

5. Ensuring that Defendant properly communicates with complainants regarding the complaint procedure, status of the complaint investigation, results of the investigation, and any remedial action taken;

6. Ensuring that all employees are trained on their rights and responsibilities under Title VII, including but not limited to the responsibility to provide a workplace free of sex discrimination, and age discrimination, and retaliation;

7. Ensuring that Defendant's disciplinary policies hold employees and managers accountable for failing to take appropriate action and/or or for engaging in conduct prohibited under this Decree;

8. Ensuring that Defendant creates a centralized system of tracking sex discrimination, age discrimination, and retaliation complaints;

9. Ensuring that the terms and conditions of employment are the same or similar for workers of all genders and ages who are similarly situated unless there are bona fide, non-discriminatory reasons for any distinctions in the terms and conditions of employment.

10. Ensuring that Defendant's reports required by Section X.H of this Decree are accurately compiled and timely submitted;

11. Reviewing Defendant's hiring practices and policies, especially as they pertain to hiring and/or promotion of managerial personnel;

12. Providing guidance on Defendant's hiring and/or promotion of managerial personnel, including review of applications, criteria for selecting candidates to interview, interview questions, and selection of candidates for hire;

12. Further ensuring compliance with the terms of this Decree; and

13. Preparing a brief annual report on Defendant's progress, including its compliance with the terms of this Decree and the Monitor's compliance with his/her responsibilities as articulated herein.

The Monitor shall ensure compliance for the foregoing provisions for the term of the Decree.

B. <u>Policies and Procedures</u>

Defendant shall review, revise, distribute, and implement on a company wide basis its policies and procedures against all discrimination and retaliation prohibited by Title VII and/or the ADEA, including such based upon sex and age (the "Policy"). The Policy shall include:

1. A clear explanation of prohibited conduct;

2. Assurance that employees or applicants who make complaints of age discrimination and sex discrimination and/or who provide information related to such complaints are protected against retaliation;

3. A clearly described complaint process for sex discrimination and age discrimination that provides accessible avenues of complaint, including the complainant's supervisors, that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

4. Assurance that Defendant will protect the confidentiality of age discrimination and sex discrimination complaints to the extent possible from being disclosed to those who do not need to know;

5. A complaint process that provides a prompt, thorough, and impartial investigation of all complaints;

6. A requirement that any employee in a supervisory position who receives a complaint of age discrimination or sex discrimination, whether formal or informal, written or verbal, report such complaint to the human resources department within 24 hours of receiving said complaint;

7. Assurance that Defendant's disciplinary policies hold employees, managers, supervisors and human resources accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

8. A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and if any remedial action was taken; and

9. Assurance that Defendant will take prompt and appropriate corrective action when it determines that sex discrimination, age discrimination, and/or retaliation has occurred; and

Within thirty (30) days of the Effective Date of this Decree, Defendant shall provide to the EEOC a copy of the Policy. Within sixty (60) days of the Effective Date, Defendant shall ensure that it has distributed its Policy to each managerial and non-managerial employee. Within sixty (60) days of the Effective Date, Defendant shall submit to the Commission a statement confirming distribution of the Policy. For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, Defendant shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of employment.

C. <u>Statement of Non-Discrimination on Applications</u>

Defendant shall disclose on all applications that Defendant does not discriminate on the basis of age and/or sex and shall include contact information for the EEOC.

D. <u>Training</u>

1. 1. <u>Non-Supervisory Employees</u>

Within 90 days of the Effective Date of this Decree, Defendant, in consultation with the Monitor, shall provide live and interactive training, lasting at least ninety (90) minutes in duration, to all Defendant's non-supervisory employees. The training shall be in a language the employees understand

and shall cover the revised Policy and equal employment rights and responsibilities under Title VII and the ADEA, with an emphasis in sex discrimination, age discrimination, and retaliation. The training shall further address the following:

  a. The type of conduct that constitutes sex discrimination, age discrimination, and retaliation. Examples shall be given of the prohibited conduct to ensure understanding by employees;

  b. Defendant's policies and procedures for reporting and handling complaints of sex discrimination, age discrimination, and retaliation, and how to utilize these policies; and

  c. External avenues, such as the EEOC, that are available to the employee seeking to complain of sex discrimination, age discrimination, and retaliation.

The training set forth above shall be mandatory and occur once a year for the duration of this Decree. All persons required to attend such training shall verify their attendance in writing. The training set forth above may be videotaped so that any employee unable to attend any scheduled training shall be trained within sixty (60) days of the live training set forth above.

Every six (6) months during the term of this Decree, all employees hired, but who have not otherwise been trained as indicated above, will receive the ninety (90) minute training as described above. All persons required to attend such training shall verify their attendance in writing.

  2. <u>Managerial and Supervisory Employees</u>

In consultation with the Monitor, Defendant shall provide a live, interactive Management Training to all managerial and supervisory employees, including members of the Board of Directors and the Chief Executive Officer, of at least two (2) hour duration once every year for the term of this Decree. The first Management Training shall occur within ninety (90) days of the effective date of this decree. The Management Training shall address the revised Policy and equal employment rights and responsibilities under Title VII and the ADEA, with an emphasis in sex discrimination, age discrimination, and retaliation. The Management Training shall also include training on:

  a. Defendant's exposure and responsibility under Title VII, the ADEA, and state law;

b. How to identify sex discrimination, age discrimination, and retaliation;
    c. How to properly handle complaints of sex discrimination, age discrimination, and retaliation; and
    d. Their obligation to take preventative and corrective measures.

All persons required to attend such training shall verify their attendance in writing. Any managerial and supervisory employee unable to attend any scheduled Management Training shall be trained within sixty (60) days of the live training set forth above. The training set forth above may be videotaped so that any managerial or supervisory employee unable to attend any scheduled training may be trained by such videotape within sixty (60) days of the live training set forth above.

Within sixty (60) days of the hire date of any managerial or supervisory employee hired after the annual training but within the term of the Decree, Defendant shall provide a live Management Training covering the same issues set forth above. All persons required to attend such training shall verify their attendance in writing.

    3.   Human Resources Employees

Human Resources employees shall receive the training set forth in subsection D.2., and an additional specialized training, two (2) hours in duration once a year for the term of this Decree ("HR Training"). The specialized training shall address how to effectively investigate claims of sex discrimination, age discrimination, and retaliation.

All persons required to attend such training shall verify their attendance in writing. Any Human Resources employee unable to attend any scheduled HR Training shall be trained within sixty (60) days of the live training set forth above.

Within sixty (60) days of the hire date of any Human Resources employee hired after the annual training but within the term of the Decree, Defendant shall provide a live HR Training covering the issues set forth above. All persons required to attend such training shall verify their attendance in writing.

    4.   Verification of Training

Within sixty (60) days of the first trainings to be performed pursuant to this Decree and annually thereafter, Defendant shall produce to the EEOC documents verifying the occurrence of all training

sessions conducted as required under this Decree, including the written training materials used, a description of the training provided, a list of the individuals who conducted the training, and a list of the names and job titles of attendees at each training session.

The EEOC shall have the right to send one representative to attend the trainings described in the Decree. Thirty (30) days prior to any training, Defendant shall provide written notice to EEOC including the time, location, name and contact information of the trainer. The written notice shall be sent via U.S. Mail to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

E. <u>Record Keeping</u>

Defendant shall also work in conjunction with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of recruitment, hiring, promotions, terminations, sex discrimination and age discrimination complaints and the monitoring of such complaints to prevent retaliation. The records to be maintained shall include:

1. All documents generated in connection with any complaint, investigation into, or resolution of every complaint of sex discrimination, age discrimination, and/or retaliation for the duration of the Decree and the identities of the parties involved;

2. All forms acknowledging any employee or manager's receipt of the Policy as required under this Decree;

3. All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4. All documents generated in connection with the monitoring, counseling, or disciplining of employees whom Defendant determined to have engaged in behavior that constitutes sex discrimination, age discrimination, and/or retaliation;

5. All documents generated in connection with Defendant's confidential follow-up inquiries into whether any complainant believes he or she has been retaliated against;

6. All documents generated in connection with recruitment, hiring and promotions, including:

    a. All documents related to a job opening;

b. All documents related to recruitment for each job opening;

c. All applications for employment and all documents collected from an applicant. Nothing set forth in this subsection is intended to increase the scope of Tucoemas' obligations to maintain materials beyond that required by any then-current statute or regulation;

d. All documents, communications, and/or correspondence pertaining to each applicant for employment; and

e. A summary of the reason for selection of the applicant(s) for each job opening for the reporting period.

Defendant will make the aforementioned records available to the EEOC within ten business days following a written request by the EEOC. Nothing set forth in this Paragraph E is intended to require the production or inspection of, or otherwise waive, the attorney-client privilege or attorney work-product doctrine that applies to any document otherwise described herein.

F. Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, Defendant shall post the notice attached to the Decree as Exhibit A, in a clearly visible location frequented by employees at any Defendant location within the state of California during the term of this Decree. The notice shall remain posted for the duration of the decree.

G. Reporting

Defendant, through its EEOC Monitor shall provide the following reports annually throughout the term of this Decree:

1. The attendance lists of all attendees for all training sessions required under this Decree that took place during the previous twelve months;

2. A description of all sex discrimination, age discrimination, and/or retaliation complaints made since the submission of the immediately preceding report hereunder. This description shall include the names of the individuals alleging sex discrimination, age discrimination, and/or retaliation, the nature of the sex discrimination, age discrimination, or retaliation, the names of the alleged perpetrators, the dates of the alleged sex discrimination, age discrimination, and/or retaliation, a brief

summary of how each complaint was resolved, and the identity of the Defendant's employee(s) who investigated and/or resolved each complaint. If no results have been reached as of the time of the report, the result shall be included in the next report; and

    3.    Confirm the Notice Posting requirement as set forth in Section F is in full compliance throughout the duration of the Decree.

    4.    An analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person.

    5.    A copy of the Policy against and the complaint procedure for sex discrimination, age discrimination, and retaliation based thereon after consultation with the EEO Monitor in compliance with the Consent Decree.

    6.    A summary report of Defendant's investigation into any complaint about sex discrimination, age discrimination, and/or retaliation for complaining about sex discrimination and/or age discrimination. The investigation report shall include the following for each complaint during the reporting period:

    a.    the name and title of the complaining party(ies);

    b.    the date of the complaint;

    c.    the name and title of the alleged offender(s);

    d.    the name and title of the person(s) who conducted the investigation into the complaint;

    e.    the nature of the complaint (i.e. comments, acts, etc.)

    f.    the date of the commencement and completion of the investigation;

    g.    a brief description of the investigation (i.e. number of persons interviewed, materials reviewed);

    h.    the outcome of the investigation and any action taken; and.

    i.    whether previous sex discrimination and/or age discrimination complaints had been made regarding the alleged offender(s). If so, the report should also include the outcome of the prior investigations.

7. All documents generated in connection with recruitment, hiring and promotions, including:

   a. All documents related to a job opening;

   b. All documents related to recruitment for each job opening;

   c. All applications for employment and all documents collected from all applicants considered for hire by Tucoemas, and to the extent the Monitor believes necessary to assess compliance with this Decree, all applications for employment and all documents collected from all applicants;

   d. All documents, communications, and/or correspondence pertaining to all applicants considered for employment, and to the extent the Monitor believes necessary to assess compliance with this Decree, all documents, communications, and/or correspondence pertaining to all applicants;

   e. A summary of the reason for selection of the applicant(s) for each job opening for the reporting period; and

9. Nothing set forth in this Paragraph G is intended to require the production or inspection of, or otherwise waive, the attorney-client privilege or attorney work-product doctrine that applies to any document otherwise described herein.

All reports under this paragraph shall be directed to: U.S. Equal Employment Opportunity Commission, Attn. Regional Attorney Anna Y. Park, 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012.

## XI.
## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendant shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XII.
## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIII.

## NO ADMISSION OF LIABILITY

Defendant enters into this Decree for the purposes set forth above, without an admission of liability and denies that it has heretofore engaged in any of the conduct alleged in this action or by any of the Claimants identified above.

## XIV.

## MISCELLANEOUS PROVISIONS

A. During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B. During the term of this Consent Decree, Defendant shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

///

///

///

All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: December 10, 2019

/s/ Anna Y. Park
By: Anna Y. Park
Attorneys for Plaintiff EEOC

Date: 12-10-19

By: Paul Schimley
Attorney for Defendant Tucoemas Federal Credit Union

Date: 12-10-19

By: Ken Kugler
On Behalf of Tucoemas Federal Credit Union

[PROPOSED] ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

Date: 12-12-19

The Honorable Anthony W. Ishii
United States District Court Judge



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Fresno Local Office

## NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of <u>U.S. Equal Employment Opportunity Commission v. Tucoemas Federal Credit Union</u>; Case No. 1:19-cv-00986-AWI-SKO, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

The EEOC is a government agency that enforces federal anti-discrimination laws in the workplace. On July 17, 2019, the EEOC filed a lawsuit in the United States District Court for the Eastern District of California against Tucoemas Federal Credit Union ("Tucoemas") alleging that they discriminated against former employees on the basis of age and sex and retaliated against employees for engaging in protected conduct. Tucoemas denied those allegations. Thereafter, the Parties settled the case by entering into a Consent Decree. This Consent Decree reinforces Tucoemas' commitment to enforce all laws prohibiting discrimination and retaliation in the workplace and providing additional annual training. The duration of this Decree is a maximum of three (3) years.

Tucoemas will not tolerate discrimination against employees on the basis of that person's disability, sex, race, national origin, color, religion, and age, and prohibits retaliation against any employee who complains about discrimination, files a charge of discrimination, or participates, gives testimony, or assists in any investigation regarding discrimination.

If you believe that you have been discriminated against because of your disability, sex, national origin, age, race, color, or religion, or retaliated against, you should consult your employee handbook for the proper procedure to follow. You may also seek assistance from:

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
1-800-669-4000

[EEO MONITOR CONTACT INFORMATION]